IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
RICHMOND DIVISION

IN RE:    LORETTA R. GARRETT,                    Case No. 08-31324-KRH
                                                 Chapter 13
              Debtor.

## MEMORANDUM OPINION

Before the Court is the issue whether a debtor who refiles a chapter 13 bankruptcy case following the dismissal of a prior chapter 7 case under § 707(b) of the Bankruptcy Code may rebut the presumption that the new chapter 13 case is filed not in good faith in anticipation that the presumption of bad faith may arise if the debtor's new chapter 13 case is later converted to chapter 7.  Loretta R. Garrett (the "Debtor") filed this chapter 13 bankruptcy case on March 23, 2008 (the "Petition Date").  This case is before the Court on the motion of the Debtor to rebut the presumption of § 362(c)(3) that this case was filed not in good faith and to obtain an extension of the automatic stay of § 362(a).  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).  Hearing was held on April 16, 2008, at which the Court took the matter under advisement.  Based on the plain language of § 362(c)(3) of the Bankruptcy Code, the Court holds that no such presumption exists nor will any arise in this case for the Debtor to rebut.  The automatic stay will not terminate on the thirtieth day after the Petition Date, regardless of whether the Debtor converts the case to chapter 7.

The Debtor has an extensive history of previous bankruptcy filings.  This is the seventh bankruptcy case the Debtor has filed since 1991.  She has received three prior discharges.  The Debtor most recently filed an unsuccessful chapter 7 case (Case No. 07-30927-KRH) (the

"Previous Case"). The Previous Case was dismissed on August 24, 2007 on the motion of the Office of the United States Trustee pursuant to § 707(b) of the Bankruptcy Code. Therefore, the Debtor had a bankruptcy case pending within the year prior to the filing of this case. Normally, when a debtor has been a debtor in a previous bankruptcy case that was dismissed within one year of the filing of the new case, the automatic stay of § 362(a) terminates as to the debtor on the thirtieth day following the new filing. *See* 11 U.S.C.A. § 362(c)(3) (Cum. Ann. Supp. 2008). For the stay to continue within that thirty days, the debtor must seek and the court must complete a hearing on the debtor's motion. *See* 11 U.S.C.A. § 362(c)(3) (Cum. Ann. Supp. 2008).[1] But the scope of § 362(c)(3) is limited to cases "other than . . . [those] . . . refiled under a chapter other than chapter 7 after dismissal under section 707(b)." As the Debtor's Previous Case was dismissed pursuant to § 707(b), and the Debtor's present case was filed under chapter 13, § 362(c)(3) does not apply and the automatic stay does not terminate on the thirtieth day after filing.

The Debtor's motion is not predicated on the plain language of this exception in § 362(c)(3). The Debtor is concerned that if this case is later converted to one under chapter 7, the exception for cases refiled under a chapter other than chapter 7 for which § 362(c)(3) provides will no longer apply. This is because courts in other contexts have held that when a case is converted from one chapter to another, the case is deemed to have been filed under the converted chapter. *See, e.g., McDow v. Sours (In re Sours)*, 350 B.R. 261, 268 (Bankr. E.D. Va. 2006) ("It is 'established that when there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed.'") (quoting *Riske v. Lyons (In re Lyons)*, 162 B.R. 242, 243 (Bankr. E.D. Mo. 1993)); *see also Branigan v. Bateman (In re*

---

[1] In order to obtain an extension of the stay, a debtor must prove by clear and convincing evidence that the filing of the new case was in good faith as to the creditors that would be affected by the stay. 11 U.S.C.A. §362(c)(3)(B) and (C) (Cum. Ann. Supp. 2008); *see In re Chaney*, 362 B.R. 690 (Bankr. E.D. Va. 2007).

2

*Bateman)*, 515 F.3d 272, 278 (4th Cir. 2008) (stating that courts have held that § 348(a) "deems a converted case to be filed under the chapter to which the case is converted.") (citations omitted). If this result were to apply to the case at bar, then conversion of the Debtor's case would deem it to have been filed as a chapter 7 case as of the Petition Date. The Debtor fears that in that eventuality the automatic stay will then be deemed to have terminated, and at the same time, the Debtor will be unable to seek an extension from the Court, as the time for filing such a motion will have already expired.[2] Accordingly, the Debtor has moved now to rebut a presumption that may or may not arise later in this case. However, the Debtor's fears are misplaced.

Generally, the conversion of a case does not change the date of filing except in certain limited circumstances. 11 U.S.C. § 348(a) (Supp. V 2005) ("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief"). The Bankruptcy Code does not equate conversion of a case with the filing of a case. *Cf. Am. Indus. Loan Ass'n v. Voron (In re Voron)*, 157 B.R. 251, 252 (Bankr. E.D. Va. 1993) (holding that conversion of a case does not reinstate the automatic stay if it has already been lifted and stating "nothing in that section [348] indicates that a *conversion order* is the equivalent of *filing a*

---

[2] The Debtor will not be able to request an extension of the automatic stay after conversion if conversion occurs more than thirty days following the Petition Date. The plain language of § 362(c)(3)(B) states that the court only has authority to extend the automatic stay that terminates pursuant to § 362(c)(3) on the thirtieth day after filing if the court completes a hearing on the automatic stay within that time. Therefore, the Court only has authority to extend the automatic stay within the thirty days after the date of filing. Converting a case from chapter 13 to chapter 7 does not change the date on which the case was filed. *See* 11 U.S.C. § 348(a) (Supp. V 2005) (stating that conversion does not change the filing date of bankruptcy case except in limited circumstances). The Court would lack authority to grant an extension of the automatic stay if the motion were filed after the Debtor converted the case.

*petition*") (citing *British Aviation Ins. Co., Ltd. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 269 (11th Cir. 1989); *In re Parker*, 154 B.R. 240, 242 (Bankr. S.D. Ohio 1993)).

Even if the Debtor's case is converted to chapter 7, the fact remains that the case was initially refiled under chapter 13. "[U]nless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." *RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra)*, 361 F.3d 257, 265 (4th Cir. 2004) (quoting *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001)). Section 362(c)(3) states that it is inapplicable if the other case pending within the last year was dismissed under § 707(b) and the debtor "refiled under a chapter other than chapter 7." Although the case will be treated upon conversion as if it had been filed under chapter 7, the reality that the case was actually refiled under the previous chapter does not change. Because the plain language of § 362(c)(3) states that the stay does not terminate as to cases refiled under a chapter other than chapter 7, and the provisions of the Bankruptcy Code suggest that conversion does not affect the filing of a case, the automatic stay will not terminate upon the conversion of the Debtor's case to chapter 7.

This conclusion does not open the door for abuse or otherwise leave parties in interest without a remedy if they believe that a debtor has refiled under chapter 13 only to circumvent the ramifications of § 362(c)(3). The plain language of § 1307(a), which gives a debtor the right to convert a case from chapter 13 to chapter 7 is almost identical to the language in § 706(a) which gives a debtor the right to convert a case from chapter 7 to chapter 13.[3] In *Marrama v. Citizens Bank of Mass. (In re Marrama)*, 127 S. Ct. 1105, 1110, 166 L. Ed. 2d 956 (2007) the United States Supreme Court held that a debtor's right to convert under § 706(a) was not absolute. The

---

[3] *Compare* 11 U.S.C. § 1307(a) (Supp. V 2005) ("The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.") *with* 11 U.S.C. § 706(a) (Supp. V 2005) ("The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to a case under this subsection is unenforceable.").

4

Supreme Court first looked to the language contained in § 706(d), "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d) (Supp. V 2005); *Id.*  The Court then looked to § 1307(c) which gives the bankruptcy court authority to dismiss a chapter 13 case or convert it to one under chapter 7 "for cause." *Marrama*, 127 S. Ct. at 1110–11.  In the *Marrama* case, the debtor had engaged in prepetition, bad-faith conduct including misstatements in his schedules and statements and improperly transferring an asset.  *Id.* at 1108.  Because prepetition, bad-faith conduct would have been cause to dismiss or reconvert the case, the debtor could have been prohibited from being a debtor under chapter 13 as set forth in § 706(d).  *Id.* at 1110–11.  The Supreme Court concluded that the debtor did not have the absolute right to convert the case.[4]  *Id.* at 1109–12.

As the statutory language regarding a conversion from chapter 13 to chapter 7 is almost identical to that addressed in the *Marrama* case, the same analysis would apply.  Like § 706(a), § 1307(a) states that a "debtor may convert a case under . . . chapter [13] to a case under chapter 7 of this title at any time."  Like § 706(d), § 1307(g) qualifies that right by stating, "[A] case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."  Just as a chapter 13 case can be converted or dismissed "for cause," so also can a chapter 7 case.  11 U.S.C.A. § 707(a) (Cum. Ann. Supp. 2008) ("The court may dismiss a case under this chapter . . . for cause").  Therefore, there is no absolute right to convert a case from chapter 13 to chapter 7.  If a debtor refiles under chapter 13 in anticipation or contemplation of converting to chapter 7 in order to avoid having to rebut the presumption of bad

---

[4]  The Court stated that the bankruptcy court also might have had authority to deny the motion to convert pursuant to § 105(a) of the Bankruptcy Code and the inherent power of all federal courts.  *Marrama*, 127 S. Ct. at 1111–12.

5

faith created by § 362(c)(3), an objection to the conversion motion would be the appropriate context in which to address the issue.

Based on the plain language of § 362(c)(3), the Court holds that the automatic stay does not terminate on the thirtieth day after the Petition Date. Conversion of this case to chapter 7 will not change the chapter under which this case was initially "refiled" and thus will not trigger the application of § 362(c)(3). Accordingly, the Debtor's motion to rebut the presumption (that has not yet arisen in this case) will be denied. A separate order shall issue.

ENTERED: _____

      /s/ Kevin R. Huennekens  
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Loretta R. Garrett  
1928 Beaver Road  
Highland Springs, VA  23075

Pia J. North  
North & Associates, P.C.  
8014 Midlothian Tpke, Suite 202  
Richmond, VA  23235

Carl M. Bates  
P. O. Box 1819  
Richmond, VA  23218

Robert B. VanArsdale  
Assistant U.S. Trustee  
600 East Main Street, Suite 301  
Richmond, VA  23219